**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DANA JONES, | : | Case No. 3:13-cv-19 |
| Plaintiff, | | District Judge Walter H. Rice |
| | : | Magistrate Judge Michael J. Newman |
| vs. | | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**ORDER REGARDING MANAGEMENT OF SOCIAL SECURITY CASES**

The parties are **ORDERED** to comply with all provisions set forth in Sixth Amended Magistrate Judges' General Order No. 11 (effective September 1, 2011). A copy of that General Order can be found on the Court's web site. To ensure that all parties are aware of, and fully comply with, the General Order, a copy of the General Order is also attached hereto.

The parties are directed to pay particular attention to ¶ 2, which requires citations to the administrative record refer to the PageID __ when the administrative record is filed electronically. Briefs which are noncompliant with this provision may be stricken.

Also, as explained more fully in General Order No. 11, motions for extensions of time - by either side - are strongly discouraged and are to be filed in only exceptional circumstances. *See* General Order No. 11 at ¶ 8.

Counsel for the Commissioner is also **ORDERED** as follows: Prior to the filing of a Memorandum in Opposition to Plaintiff's Statement of Errors, the Commissioner's counsel shall

review the administrative record (including all ALJ and Appeals Council decisions) and determine whether or not a remand is appropriate. If so, the Commissioner shall file a motion for remand in lieu of, and on or before the due date scheduled for, the Commissioner's Opposition Memorandum. All such motions for remand shall comply with S.D. Ohio Local Rule 7.3.

**IT IS SO ORDERED.**

April 1, 2013                                                                      s/ **Michael J. Newman**
                                                                                        United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

FILED
JAMES BONINI

2011 SEP -1 PM 3:09

IN RE:

SOCIAL SECURITY APPEALS

SIXTH AMENDED MAGISTRATE JUDGES' GENERAL ORDER NO. 11

To provide for the efficient adjudication of appeals to this Court of decisions of the Commissioner of Social Security under the Social Security Act, it is hereby ORDERED with respect to all such appeals:

1. All prior Orders of the United States Magistrate Judges at Dayton with respect to Social Security cases are hereby rescinded.

2. The Commissioner shall file and serve an answer and a certified copy of the administrative record not later than sixty days after completion of service of process. In all cases in which the certified administrative record has been filed electronically, all record references in subsequent filings shall be to the electronic page, i.e., to the PageID No. ___ which appears in the upper right hand corner of the electronic document as filed.

3. Not later than sixty days of service of the answer, the plaintiff shall file and serve a statement of specific errors upon which the plaintiff seeks reversal or remand. This statement shall be organized in the form of a memorandum in support of the plaintiff's position and shall also include PageID references to the administrative record as well as citations of applicable law and supporting authority. Statements of specific errors shall present the detail ordinarily expected in a motion for summary judgment, and shall raise and address all issues as to which the plaintiff seeks review.

4. Not later than forty-five days after service of the statement of specific errors, the Commissioner shall file and serve a memorandum in opposition to the plaintiff's statement of specific errors. This memorandum in opposition shall be organized in the form of a memorandum in opposition to the plaintiff's position and in support of the Commissioner's decision and shall also include PageID references to the administrative record as well as citations to applicable law and supporting authority.

5. Plaintiff may file and serve a reply memorandum not later than twenty-one days after service of the Commissioner's memorandum in opposition. Consistent with practice in this Circuit, the Court will not consider any new allegations of error introduced in the reply memorandum.

6. All cases will be decided on the memoranda and the administrative record, unless the Court orders oral argument.

7. In cases decided by a Magistrate Judge upon consent under 28 U.S.C. § 636(c), appeals may be taken as provided by law. In cases in which the Magistrate Judge files a report and recommendations to a District Judge on the merits of the case, the time for filing objections and responses to objections is the fourteen-day period provided by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 unless modified by the Court.

8. The practice of seeking lengthy (e.g., thirty days) extensions of time on conclusory grounds (e.g., "heavy caseload") is strongly discouraged. Repeated requests of this nature may lead to sanctions. All requests for extensions that do not comply with S. D. Ohio Civ. R. 7.3 will be denied. The Ohio Rules of Professional Conduct counsel attorneys not to accept more work than they can reasonably handle.

9. When a case is remanded to the Commissioner for further proceedings and those proceedings are completed, if the Commissioner's new decision is adverse to the Plaintiff, the Commissioner shall file and serve a copy of the supplemental administrative record. The matter shall

then be briefed in accordance with this General Order: the plaintiff will have sixty days from the date of service of the supplemental administrative record within which to file a statement of specific errors in the form described above; the Commissioner will have forty-five days from the date of service of the statement of specific errors within which to file and serve a memorandum in opposition in the form described above; and the plaintiff will have twenty-one days from the date of service of the Commissioner's memorandum within which to file and serve a reply memorandum.

10. When a case is remanded to the Commissioner for further proceedings and those proceedings are completed, if the plaintiff accepts the Commissioner's new decision, plaintiff's counsel shall, within fourteen days of receipt of the Commissioner's new decision, notify the chambers of the Magistrate Judge to whom the case is assigned that the plaintiff accepts the new decision and the plaintiff does not seek further judicial review.

11. This Order is effective immediately and applies to cases currently pending before the Court.

August 31, 2011.

Sharon L. Ovington
United States Magistrate Judge

Michael J. Newman
United States Magistrate Judge

Michael R. Merz
United States Magistrate Judge

3