IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


DANA JONES,                                           :

             Plaintiff,                          :   Case No. 3:13cv019

      vs.                                            :   JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,   :

             Defendant.                          :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART THE
REPORT AND RECOMMENDATIONS OF THE UNITED STATES
MAGISTRATE JUDGE (DOC. #16); DEFENDANT'S OBJECTIONS TO SAID
JUDICIAL FILING (DOC. #17) OVERRULED; JUDGMENT TO BE ENTERED IN
FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER,
REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT
DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE
SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO
THE DEFENDANT COMMISSIONER FOR THE PAYMENT OF BENEFITS
CONSISTENT WITH THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the

Defendant Commissioner denying Plaintiff's application for Social Security disability benefits.

On January 30, 2014, the United States Magistrate Judge filed a Report and Recommendations

(Doc. #16), recommending that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act be reversed, and that the captioned

cause be remanded to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C.

¶ 405(g), for further administrative proceedings consistent with his Report and Recommendations.

Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and

Recommendations (Doc. #16), as well as upon a thorough de novo review of this Court's file,

including the Administrative Transcript (Doc. #6), and a thorough review of the applicable law,

this Court adopts the aforesaid Report and Recommendations in part and rejects some in part and,

in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant

Commissioner, concluding that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act was not supported by substantial

evidence.  The Defendant's Objections to said judicial filing (Doc. #17) are overruled.

Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act is reversed, and the captioned cause

is remanded to the Defendant Commissioner for the payment of benefits consistent with the Social

Security Act.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if

that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C.

§ 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and

Recommendations, is required to make a de novo review of those recommendations of the report to

which objection is made.  This de novo review, in turn, requires this Court to re-examine all the

relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence."  Lashley v.

Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary

of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982).  This Court's sole function is

to determine whether the record as a whole contains substantial evidence to support the

Commissioner's decision.  The Commissioner's findings must be affirmed if they are supported by

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB,

305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213

(6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739

F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much

as would be required to prevent a directed verdict (now judgment as a matter of law) against the

Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir.

1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be

substantial, the evidence "must do more than create a suspicion of the existence of the fact to be

established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict

when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary

of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian

Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence,

the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978);

Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981);

Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v.

Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve

conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the

Commissioner of Social Security and proceedings on Claimant's application for social security

disability benefits are not subject to reversal merely because there exists in the record substantial

-3-

evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security,

246 F.3d 762 (6th Cir. 2001).   If the Commissioner's decision is supported by substantial

evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different

conclusion.  Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).


In addition to the foregoing, in ruling as aforesaid, this Court makes the following,

non-exclusive, observations:

1.    Given that the Administrative Law Judge's Residual Functional Capacity did not

accurately portray Plaintiff's mental impairments, the Vocational Expert's testimony in response,

premised on such a Residual Functional Capacity, does not provide substantial evidence that

Plaintiff can perform other work.  Accordingly, the Defendant Commissioner has failed to satisfy

his burden at Step 5.  Although an argument could be made that would support the Magistrate

Judge's conclusion that the captioned cause had to be remanded for further administrative

proceedings, this Court rejects said Report and Recommendations in that regard, and, in so doing,

remands the captioned cause to the Defendant Commissioner for the payment of benefits consistent

with the Social Security Act.

2.    The evidence is overwhelming, both that the Plaintiff has certain demonstrated

mental impairments, of a severe nature, and that those impairments would preclude gainful

employment.  In short, proof of disability is overwhelming or, at the very least, proof of disability

is strong and contrary evidence is lacking. The Hearing Officer posed a hypothetical question at

the Hearing in an attempt to accommodate the Plaintiff's deficits, including ADHD, deficits which

are seemingly uncontradicted, and the Vocational Expert testified that no jobs would be available

-4-

to a worker so limited.   Accordingly, a remand for the payment of benefits is warranted.  <u>Faucher</u>

<u>v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).   To remand for a

further administrative hearing would seem to be prejudicial to Plaintiff who, after all, has been

waiting many months if not years for the payment of benefits.  To remand for the simple purpose

of requiring the Administrative Law Judge to put the same question to the Vocational Expert,

incorporating the Plaintiff's severe impairments, acknowledged by all, would seem to be a triumph

of form over substance.  In short, the record is clear; it more than adequately supports the

Plaintiff's entitlement to benefits, and a remand would serve no purpose except for further delay.


WHEREFORE, based upon the aforesaid, this Court adopts in part and rejects in part the

Report and Recommendations of the United States Magistrate Judge (Doc. #16), having concluded

that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to

benefits under the Social Security Act was <u>not</u> supported by substantial evidence.  Defendant's

Objections to said judicial filing (Doc. #17) are overruled.  Judgment will be ordered entered in

favor of the Plaintiff and against the Defendant Commissioner, reversing the decision of the

Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits

under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner

for the payment of benefits consistent with the Social Security Act.


The captioned cause is hereby ordered terminated upon the docket records of the United

States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 17, 2014

                                    WALTER H. RICE, JUDGE
                         UNITED STATES DISTRICT COURT

Copies to:

Counsel of record